**Opinion filed June 9, 2016**



# In The

# Eleventh Court of Appeals

_____

## No. 11-14-00157-CR

_____

## NOAH DANIEL RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR39241**

## M E M O R A N D U M   O P I N I O N

Appellant, Noah Daniel Rodriguez, appeals his jury convictions for aggravated sexual assault of a child younger than fourteen years of age and indecency with a child younger than seventeen years of age. TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), 21.11(a)(1) (West 2011 & West Supp. 2015). The jury assessed Appellant's punishment at confinement for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice and a fine of

$2,500 for the offense of aggravated sexual assault of a child. The jury assessed Appellant's punishment at confinement for a term of five years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $2,500 for the offense of indecency with a child. The trial court ordered that the sentences are to be served consecutively. In one issue on appeal, Appellant asserts that the trial court committed reversible error when it refused to admit three photographs depicting the child complainant's mother engaged in an act with another woman that was similar to an act allegedly committed by Appellant against the child complainant. We affirm.

*Background Facts*

In 2010–2011, Appellant lived in Midland with his girlfriend, C.M., and her two daughters, M.M. and J.W. Appellant's convictions arise from sexual acts alleged to have occurred with M.M. M.M. was six years old at the time. C.M. worked as a dancer at a nightclub in Odessa, and for a few days, Appellant, C.M., and her daughters lived at the club as well. Appellant also worked at the same club for a period of time. On one occasion, C.M. performed an act with another dancer involving C.M. shining a flashlight onto the other dancer's seminude buttocks. Appellant's issue on appeal concerns the trial court's exclusion of three photographs depicting this act performed by C.M.

In 2011, Appellant and C.M. ended their relationship. C.M. and her daughters moved to Stamford to live with C.M.'s mother. About three weeks after the move to Stamford, M.M. made an outcry to her grandmother that Appellant had made her watch "nasty movies" and told her to mimic the things she had seen in the video. M.M. also told her grandmother that Appellant had inserted his finger inside her vagina and had made her rub his penis. The next day, M.M. continued her outcry and told her grandmother that Appellant had made her get "on all fours" and "spread

her butt cheeks apart," at which time Appellant took a flashlight and "played like he was putting it in her butt."

Appellant was indicted for two counts of aggravated sexual assault of a child and one count of indecency with a child. Count I alleged aggravated sexual assault by Appellant digitally penetrating M.M.'s female sexual organ; Count II alleged aggravated sexual assault by Appellant penetrating M.M.'s mouth with his sexual organ; and Count III alleged indecency with a child by causing M.M. to touch Appellant's genitals. Thus, Appellant was not indicted for any offense involving the use of a flashlight with M.M. The jury convicted Appellant of the offenses alleged in Counts I and III, but it acquitted him of aggravated sexual assault as alleged in Count II of the indictment.

*Analysis*

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). We will not reverse a trial court's ruling unless it falls outside the zone of reasonable disagreement. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). We will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

The excluded photographs show C.M. shining a flashlight on the buttocks of a seminude female who is kneeling on a stage. Appellant asserted that the photographs were relevant to his defense and attempted to introduce them into evidence. The defensive theory that Appellant advanced was that M.M. was exposed to various sexual activities through her mother's employment as a dancer at a nightclub and that M.M. "had thereafter wrongfully morphed these experiences" into allegations of sexual child abuse. Specifically, Appellant wanted to discredit the

outcry that M.M. made to her grandmother that Appellant had made her "spread her butt cheeks apart" and "played like he was putting [a flashlight] in her butt." He asserts that the exclusion of the photographs "essentially crippled his defensive theory."

The trial court considered the admissibility of the three photographs at a hearing outside the presence of the jury. The prosecutor asserted that the photographs should not be admitted on relevancy grounds because there was no evidence that M.M. had witnessed the act depicted in the photographs. The prosecutor additionally asserted that the probative value of the photographs was "far outweighed" by their prejudicial value. The prosecutor argued that Appellant sought to offer the photographs to "embarrass and humiliate" C.M. and "to depict [C.M.] in some kind of sexual way." The trial court excluded the photographs on the basis that their probative value was substantially outweighed by the danger of unfair prejudice.

Rule 403 of the Texas Rules of Evidence provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay or needless presentation of cumulative evidence. TEX. R. EVID. 403; *see Young v. State*, 283 S.W.3d 854, 874 (Tex. Crim. App. 2009). A trial court is presumed to have engaged in the required balancing test when Rule 403 was invoked. *Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997) (citing *Santellan v. State*, 939 S.W.2d 155, 173 (Tex. Crim. App. 1997)). An analysis under Rule 403 includes, but is not limited to, the following factors: (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational yet indelible way, (3) the time needed to develop the evidence, and (4) the proponent's need for

the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012); *Shuffield*, 189 S.W.3d at 787.

We conclude that the trial court did not abuse its discretion in determining that the photographs should be excluded under Rule 403. Given the fact that there was no evidence that M.M. had witnessed the act depicted in the photographs, the probative value, if any, of the photographs was minimal. Conversely, the potential of the photographs to impress the jury in an irrational yet indelible way was great in that the photographs depicted C.M. in a very negative light.

Appellant contends that the photographs could not have been unduly prejudicial because C.M. testified about the same conduct depicted in the photographs. We disagree. This testimony occurred after the trial court excluded the photographs. Additionally, Appellant's trial counsel elicited this testimony in questioning C.M. If anything, this subsequent testimony rendered harmless any error by the trial court in excluding the photographs. *See Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986) ("Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove.").

Appellant also asserts that the excluded photographs could not have been unduly prejudicial because they were not as graphic as photographs subsequently offered into evidence by the State that were obtained from Appellant's computer and depicted a fully naked woman. In this regard, Appellant did not object to the State's offer of these photographs into evidence. These photographs were admitted after the trial court excluded the photographs that Appellant sought to offer. Furthermore, these photographs did not depict C.M. Accordingly, we disagree with Appellant's contention that the subsequent admission of these photographs without objection

5

from Appellant somehow rendered the trial court's previous ruling erroneous.  We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.


JOHN M. BAILEY

JUSTICE


June 9, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6